[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-11341
Non-Argument Calendar

————————————————

D.C. Docket No. 1:12-cv-00872-WBH

KENNETH DAVID BUTLER,

Plaintiff-Appellant,

versus

DAVID SCHIRALLI, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(August 29, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff appeals the District Court's March 5, 2013, order, Doc. 154,

granting defendants' summary judgment on his claims for damages under 42

U.S.C. § 1983 for defendants' alleged infringement of his rights under the Fourth

and Fourteenth Amendments to the U.S. Constitution.[1]  His claims arose out of an undercover sting operation the Gwinnett County Police Department (GCPD) conducted at a Kmart store after receiving reports of illicit sexual activity occurring in the store's men's bathroom.  Doc. 154, at 1–2.  After investigator Doherty

> saw what he thought was masturbation . . . other police officers entered the bathroom and took Plaintiff to Kmart's loss control office and interviewed him.  The police gave Plaintiff a misdemeanor citation for loitering for sexual purposes and Plaintiff left the Kmart.  The charges against Plaintiff were later changed to public indecency. . . .  After [Plaintiff] was cited by police, the GCPD . . . . issued a press release on behalf of the department . . . [stating] that [Plaintiff] had been arrested and charged with loitering for the purpose of engaging in solicitation of sex acts in a public place and that Plaintiff had admitted that he was in the Kmart men's room for that purpose.

Id. at 4–5.  In granting summary judgment on Plaintiff's § 1983 claims, the court assumed that Plaintiff's detention was sufficient to support a § 1983 claim for false arrest and held that inspector Doherty was entitled to qualified immunity—because he had arguable probable cause to believe that Plaintiff was engaging in the illicit activity with which he was charged.  Id. at 8–9.  The court therefore dismissed Plaintiff's Fourth Amendment claims against Doherty and the other defendants.

---

[1] Plaintiff also appeals the District Court's dismissal without prejudice of his state law claims brought under the court's supplemental jurisdiction.  See 28 U.S. § 1367(c)(3).  In affirming the court's judgment on Plaintiff's federal constitutional claims, we affirm its dismissal without prejudice of his state law claims.

It also found no merit in the officers' failure to inform him of his <u>Miranda</u> rights because the officers never took Plaintiff into custody.  <u>Id.</u> at 9.

Plaintiff challenges the court's summary judgment on a variety of grounds. We find that none has merit.  Nor does his argument that the court should have sanctioned defendants for spoliation—specifically, that

> Kmart deleted the videos from security cameras on the day that he was cited for loitering, the GCPD failed to secure copies of the videos, and the GCPD failed to collect evidence from the men's room, such as a piece of tissue paper that . . . Doherty had seen on the floor and thought was a signal for solicitation as well as taking photographs of the graffiti on the men's room walls.

<u>Id.</u> at 11.

AFFIRMED.

3